```
 1                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF COLUMBIA
 2

 3   UNITED STATES OF AMERICA,      ) CRIMINAL ACTION NO.:
                                    ) 24-0555-ACR
 4           Plaintiff,             )
        vs.                         )
 5                                  )
     JAMES CALLAHAN,                )
 6                                  ) Washington, D.C.
             Defendant.             ) January 29, 2025
 7   _____ ) 1:00 p.m.

 8
                         Transcript of Plea Hearing
 9                 Before the Honorable Ana C. Reyes
                       United States District Judge
10
     APPEARANCES:
11
     For the Government: Brian P. Kelly, Esquire
12                       U.S. Attorney's Office
                         555 Fourth Street NW
13                       Suite 3816
                         Washington, DC 20530
14
                         Vincent J. Falvo , Jr.
15                       U.S. Department of Justice
                         Criminal Division
16                       1400 New York Avenue, NW
                         Suite 4120
17                       Washington, DC 20005

18   For the Defendant:  David Schertler, Esquire
                         Schertler & Onorato, LLP
19                       555 13th Street, NW
                         Suite 500 West
20                       Washington, D.C. 20004

21   Reported by:        Christine T. Asif, RPR, FCRR
                         Official Court Reporter
22                       United States District Court
                         for the District of Columbia
23                       333 Contitution Avenue, NW
                         Washington, D.C., 20001
24                       (202) 354-3247

25   Proceedings recorded by machine shorthand; transcript produced
     by computer-aided transcription
```

```
 1                        P R O C E E D I N G S
 2              THE CLERK:  We're on the record with criminal case
 3     24-555, United States of America versus James Callahan.
 4              Counsel, starting with the government, please state
 5     your appearance for the record.
 6              MR. FALVO:  Vincent Falvo for the Government, along
 7     with Brian Kelly for the Government also.  With us at counsel
 8     table is Anthony Graziano (phonetic) of the Labor
 9     Department.
10              THE COURT:  What office are you with?
11              MR. FALVO:  I'm with the criminal division.
12              THE COURT:  I haven't seen you before, have I?
13              MR. FALVO:  No.
14              THE COURT:  You're new?
15              MR. FALVO:  I'm not new --
16              THE COURT:  How long have you been with the criminal
17     division?
18              MR. FALVO:  27 years.
19              THE COURT:  All right.  Well, welcome.
20              MR. FALVO:  Thank you.
21              MR. SCHERTLER:  Your Honor, good afternoon.  David
22     Schertler on behalf of Mr. Callahan who's here today.
23              THE COURT:  I have seen you before, Mr. Schertler.
24     Welcome back.
25              MR. SCHERTLER:  Thank you.
```

1   THE COURT: All right. Mr. Callahan, I understand
2   from your attorney that you wish to plead guilty; is that
3   correct?
4   THE DEFENDANT: Yes, ma'am. Yes, Your Honor.
5   THE COURT: When you speak you just have to speak
6   into the mike.
7   THE DEFENDANT: Yes, Your Honor.
8   MR. SCHERTLER: And is it all right is if Mr.
9   Callahan --
10  THE COURT: Whatever he wants to do.
11  I must ask you certain questions to insure that you
12  understand your rights and that this plea is voluntary. If
13  you don't understand any of my questions please let me know
14  and I will make them clearer.
15  Will you please swear the defendant.
16  THE CLERK: Sir please stand. Raise your right
17  hand.
18  (Defendant sworn.)
19  THE DEFENDANT: I do.
20  THE CLERK: Thank you. Please be seated.
21  THE COURT: All right. Sir, because I have put you
22  under oath, if you testify falsely you could be prosecuted for
23  perjury or making a false statement; do you understand?
24  THE DEFENDANT: Yes, Your Honor.
25  THE COURT: What is your date of birth?

1              THE DEFENDANT:  ███.
2              THE COURT:  How long did you go in school?
3              THE DEFENDANT:  Graduated high school.
4              THE COURT:  Have you taken any drugs or medications
5    or anything else in the last two days --
6              THE DEFENDANT:  No.
7              THE COURT:  I'm sorry, I have to finish the
8    question -- that might make it difficult for you to follow
9    these court proceedings?
10             THE DEFENDANT:  No, Your Honor.
11             THE COURT:  Were you born in the United States?
12             THE DEFENDANT:  Yes, Your Honor.
13             THE COURT:  I have a pretty healthy ego.  I
14   appreciate the respect of saying "Your Honor," but if you want
15   to say yes or no we'll get out of here just a bit quicker.  If
16   you want to continue to say "Your Honor," that's fine too.  I
17   mean, my ego can always use it.
18             Does counsel for either side have any question as to
19   defendant's competence to enter a plea at this time?
20             MR. FALVO:  No, Your Honor.
21             MR. SCHERTLER:  No, Your Honor.
22             THE COURT:  All right.  Sir, I find that you are
23   fully competent and capable of entering an informed plea.  Mr.
24   Schertler tells me that instead of going to trial you wish to
25   plead guilty to the offense of false statements in labor union

```
 1    officer reports in violation of Title 29, U.S. Code, Section
 2    439(b); is that correct?
 3              THE DEFENDANT:  Yes.
 4              THE COURT:  You should have a copy of the plea
 5    agreement in this case, is that your signature?
 6              THE DEFENDANT:  Yes.
 7              THE COURT:  And did you read and understand this
 8    agreement before signing it?
 9              THE DEFENDANT:  Yes, Your Honor.
10              THE COURT:  And is this the agreement that you wish
11    to enter?
12              THE DEFENDANT:  Yes.
13              THE COURT:  I'm now going to go over the agreement
14    with you.  I'm not going to mention every term, but do you
15    understand that as long as a term is in the agreement, even if
16    I do not mention it, you are still bound by it?
17              THE DEFENDANT:  Yes.
18              THE COURT:  I am first going to go over the terms
19    unrelated to sentencing, then I will discuss the sentencing
20    terms.  You agree that you'll resign all offices and
21    employment with the International Union of Operating Engineers
22    and any affiliated organizations or benefit funds.  You agree
23    that you will not offices, employment, or consulting
24    agreements with the International Union of Operating
25    Engineers, nor with any affiliated organizations or benefits
```

1  funds.  You agree to pay restitution to the International
2  Union of Operating Engineers in the amount of $315,000.
3          I will now go over the sentencing terms.  The
4  maximum sentence you could receive on the charge of false
5  statements in labor union officer reports in violation of 29
6  U.S. Code, 439(b) is 12 months of imprisonment, a term of
7  probation of not more than one year, a fine of not more than
8  $10,000, and an obligation to pay any applicable interest or
9  penalties on fines and restitution not timely made; do you
10 understand?
11         THE DEFENDANT:  Yes, Your Honor.
12         THE COURT:  Do you understand that I will determine
13 your sentence pursuant to the factors set forth in 18 U.S.C.
14 3553(a) and pursuant to the Sentencing Guidelines?
15         THE DEFENDANT:  Yes, Your Honor.
16         THE COURT:  Do you understand that under the
17 Sentencing Guidelines your estimated offense level with at
18 least 17 due to -- will be at least 17 due to the nature of
19 the crime?
20         THE DEFENDANT:  Yes.
21         THE COURT:  Do you understand that the sentence to
22 be imposed is solely within my discretion and that I am not
23 obligated to follow the government's recommendation at
24 sentencing?
25         THE DEFENDANT:  I do.

1               THE COURT:  Entry of a guilty plea allows me to
2    impose any sentence up to and including the statutory maximum.
3    Do you understand that you will have no right to withdraw your
4    plea of guilty if I do not follow the government's
5    recommendation?
6               THE DEFENDANT:  I do.
7               THE COURT:  Has anybody promised you what the
8    sentence I will actually -- what sentence I will actually give
9    you in this case?
10              THE DEFENDANT:  No they have not.
11              THE COURT:  Is that what you understand the plea
12   agreement to be what I have just laid out?
13              THE DEFENDANT:  Yes, Your Honor.
14              THE COURT:  Has anyone made any promises to you
15   other than the ones that I have just mentioned to get you to
16   plead guilty?
17              THE DEFENDANT:  No, Your Honor.
18              THE COURT:  Have you had enough time to talk with
19   your attorney and are you satisfied with his services as your
20   lawyer?
21              THE DEFENDANT:  Yes, I am.
22              THE COURT:  The plea agreement also contains another
23   document, which waives your right to a jury trial.  Is this in
24   fact your signature?
25              THE DEFENDANT:  Yes, Your Honor.

1           THE COURT:  Do you agree to waive your right to a
2    jury trial?
3           THE DEFENDANT:  Yes.
4           THE COURT:  Did you request and receive -- did you
5    request and receive tickets and hospitality packages for
6    nearly 100 events valued at more than $315,000, without
7    disclosing any of these benefits annual reports, in violation
8    of 29 U.S.C., Section 439(b)?
9           THE DEFENDANT:  Yes, Your Honor.
10          THE COURT:  I now want to go over the rights that
11   you are giving up by agreeing to plead guilty.  Do you
12   understand that you are not required to plead guilty and that
13   you have a right to go to trial on your charges if you wish to
14   do so?
15          THE DEFENDANT:  I do.
16          THE COURT:  Do you understand that if you went to
17   trial the government would have to prove your guilty -- would
18   have to prove you guilty beyond a reasonable doubt.  You would
19   have the right to have Mr. Schertler with you throughout the
20   trial; he could make motions, make objections, and
21   cross-examine all of the government's witnesses.  You also
22   would have the right to present a defense and put on evidence
23   on your behalf if you wished.  But you would not be required
24   to put on any evidence at all because you would be presumed
25   innocent.  In addition, you could testify if you chose to, but

1  nobody could force you to do so, because you would have an
2  absolute right to remain silent at your trial and doing so
3  could not be held against you.  If you were found guilty at
4  your trial you would have a right to appeal.  If you could not
5  afford a lawyer on your appeal, a lawyer would be appointed to
6  represent you.  Do you understand all of those rights that you
7  are giving up?
8            THE DEFENDANT:  I do.
9            THE COURT:  Do you understand that if I accept your
10 plea there would be no trial and no appeal except in the
11 limited circumstances set forth in your plea agreement?
12           THE DEFENDANT:  Yes, Your Honor.
13           THE COURT:  Do you understand that if I accept your
14 plea, you may be deprived of valuable civil rights, such as;
15 the right to vote, the right to hold certain jobs, the right
16 to serve on a jury, and the right to possess any kind of
17 firearm?
18           THE DEFENDANT:  Yes.
19           THE COURT:  Understanding all of the rights that
20 you're giving up by pleading guilty do you still wish to plead
21 guilty?
22           THE DEFENDANT:  I do.
23           THE COURT:  Do you have any questions about what
24 rights you're giving up or anything else connected with this
25 plea of guilty?

1         THE DEFENDANT: No, Your Honor.
2         THE COURT: Are you pleading guilty because you are
3    in fact guilty?
4         THE DEFENDANT: I am.
5         THE COURT: Has anybody forced you to or threatened
6    you to get you to plead guilty?
7         THE DEFENDANT: No.
8         THE COURT: All right, sir, how do you plead on the
9    charge of false statements in labor union officer reports,
10   guilty or not guilty?
11        THE DEFENDANT: Guilty.
12        THE COURT: I am satisfied that the defendant
13   understands his rights and what he is waiving in agreeing to
14   plead guilty. I find that he is entering his plea
15   voluntarily. I find that there is a factual basis for the
16   plea. I therefore accept defendant's plea and find him guilty
17   of false statements to labor union officer reports.
18        A written presentence report will be prepared by the
19   probation office to assist me in sentencing.
20        Sir, you will be asked to give information for the
21   reports and your attorney may be present if you wish. You may
22   read the report before the sentencing hearing. And you and
23   your attorney will have an opportunity to speak at the
24   sentencing hearing.
25        Does the government have any suggested conditions of

1   release pending sentencing, other than what he already has?
2           MR. FALVO:  No, Your Honor.
3           THE COURT:  All right.  Anything else that we need
4   from either of you before we set a sentencing date?
5           MR. SCHERTLER:  No, Your Honor.
6           MR. FALVO:  No.
7           THE COURT:  All right.  I think we have 120 days
8   now?  Is that the rule.
9           THE CLERK:  90.
10          THE COURT:  90.  Okay.  So what's a sentencing date
11  about 90 days out?
12          MR. SCHERTLER:  Your Honor, could we ask for a date
13  later in May, just because of some travel plans.
14          THE COURT:  Sure.  Are you going anywhere fun?
15          MR. SCHERTLER:  I'm sorry?
16          THE COURT:  Are you going anywhere fun.
17          MR. SCHERTLER:  Hopefully.
18          THE COURT:  Hopefully.  How does -- May 19th is a
19  Monday?  How about Monday at 2:00 p.m., does that work for
20  everybody?
21          MR. FALVO:  What was the date, Your Honor?
22          THE CLERK:  May 19th.
23          THE COURT:  At 2:00 p.m., does that work?
24          MR. SCHERTLER:  That works.  Thank you.
25          THE COURT:  Government.

Christine T. Asif, RPR, FCRR, Federal Official Court Reporter

1          MR. FALVO:  Yes, Your Honor.  That's fine.
2          THE COURT:  All right.  Mr. Callahan, I imagine that
3   this is the last place you thought you would be earlier in
4   your career and certainly the last place you want to be right
5   now.  I don't know how difficult today was for you.  Last
6   night I'm sure you didn't get much sleep.  And I imagine this
7   morning was quite difficult.  And this evening is not going to
8   be much better, but at least you will have this part behind
9   you.  You know, I've been doing this for not very long, but I
10  understand fully that people who are fundamentally good,
11  ethical, honest people can sometimes do bad things, idiotic
12  things, lose their way for a bit.  Seems to me that that's
13  what happened here.
14          I'm really careful at sentencings.  I will review
15  everything that I get very carefully.  And I will certainly
16  take into account everything that you've done that's positive
17  in your life in the sentencing.  I will not just be focused on
18  sort of this particular part of your life.  I just want you to
19  be assured that everything that you submit and the government
20  submits I will be reviewing very, very carefully.
21          With respect to -- I mean, at a minimum you're going
22  to have probation, I don't know about jail, but at a minimum
23  you're going to have probation typically one of my conditions
24  for probation is a substantial amount of community service,
25  because I believe strongly that in many circumstances,

1    substantial community service is more beneficial for the
2    defendant and the community than jail time or extended jail
3    time.  If you do any community service between now and
4    sentencing, if I sentence you to community service, which I
5    almost certainly will, I'll take that into account.  And
6    certainly will do anything -- will take into account anything
7    you do between now and sentencing to continue either to help
8    the government as they need it or to continue to show me that
9    you understand the severity of your actions and that you are
10   turning as it were a new leaf, okay?
11            THE DEFENDANT:  Thank you.
12            THE COURT:  Thank you, everyone.
13            MR. SCHERTLER:  Thank you, Your Honor.
14            THE CLERK:  One second I just got the conditions
15   from pretrial.
16            THE COURT:  Everyone please be seated.  Sorry, we
17   have to sign the conditions for release.
18            All right, sir I need to go over with you the
19   continued conditions of release and then I also need you to
20   file an appearance bond.  It is ordered that the defendant is
21   released subject to these conditions:  The defendant must not
22   violate federal, state, or local law while on release.  The
23   defendant must cooperate in the collection of a DNA sample if
24   authorized.  Are you all going to need a DNA sample?
25            MR. SCHERTLER:  I think they've already gotten it.

1          THE COURT:  They've already gotten it.  All right.
2     So scratch that.
3          The defendant must advise the Court or the Pretrial
4     Services Office or supervising officer in writing before
5     making any change of residence or telephone number.  The
6     defendant must appear in court as required and if convicted
7     must surrender as directed to serve a sentence that the Court
8     may impose.  The defendant must also sign the appearance bond.
9     I should have noted too, if I sentence you to prison, which I
10    don't know if I do, I will not be walking you back.  I will
11    give you a self-release date, so you don't have to be stressed
12    about that that morning.  Do I need to sign this?
13         THE CLERK:  Yes, I'm going to have him sign it and
14    then you to sign it.
15         THE COURT:  Oh, hold on.  Have you already
16    surrendered your passport?
17         MR. SCHERTLER:  Your Honor, we have it right now and
18    we'll give it to pretrial.
19         THE COURT:  Okay.  All right.  You also are going to
20    need to notify Pretrial Services of any travel outside the
21    state of Florida and all travel outside of the continental
22    United States I must approve.  You cannot possess a firearm,
23    destructive device, or other weapon.  You cannot use alcohol
24    excessively.  You cannot use or possess a narcotic drug other
25    than a controlled substance unless prescribed by a licensed

1  medical practitioner.  And you must report as soon as possible
2  to the Pretrial Services or supervising officer every contact
3  with law enforcement personnel including arrest, questioning,
4  or traffic stops.  I actually started signing where you're
5  supposed to sign, so I scratched it out.  So just sign where
6  there's scratch out.
7           (Defendant sworn to conditions of release.)
8           THE COURT:  Anything else from either party?
9           MR. SCHERTLER:  No, Your Honor.
10          MR. FALVO:  No, Your Honor.
11          THE COURT:  All right.  See you on the 19th of May.
12          (The proceedings were concluded at 1:15 p.m.)
13
          I, Christine Asif, RPR, FCRR, do hereby certify that
14  the foregoing is a correct transcript from the stenographic
    record of proceedings in the above-entitled matter.
15
                    _____/s/_____
16                       Christine T. Asif
                       Official Court Reporter
17

Christine T. Asif, RPR, FCRR, Federal Official Court Reporter