UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | CRIMINAL NO.    24-cr-00555 |
| **Plaintiff,** | : | |
| | : | 29 U.S.C. § 439(b) (False Statements |
| v. | : | in Labor Union Officer Reports) |
| | : | |
| **JAMES CALLAHAN,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM ON DEFENDANT JAMES CALLAHAN

On April 17, 2025, the draft Pre-Sentence Report for Defendant James Callahan was issued. Both parties have reviewed the Pre-Sentence Report and have no objections to the report. The Government hereby files with the Court its position with respect to the sentencing issues in this case. For the reasons stated below, the Government recommends six months of imprisonment in order to reflect the seriousness of the conduct underlying this offense, and to provide adequate deterrence against other union officials who may be tempted to engage in similar corrupt conduct in the future.

### I. Convictions

Count One of the Information charged Defendant Callahan with False Statements in Labor Union Officer Reports in violation of 29 U.S.C. § 439(b). On January 29, 2025, Defendant Callahan pleaded guilty to Count One.

### II. Offense Conduct

The offense conduct for Count One is set forth in the Statement of Offense appended to the Plea Agreement signed by Defendant Callahan and is attached as Attachment A.

1

### III. <u>Sentencing Options</u>

Assuming, as the Government anticipates and as is set forth in the Pre-Sentence Report, that the zero-point offender provision in U.S.S.G. § 4C1.1 applies, then Defendant Callahan's advisory sentencing guideline range is 18 to 24 months (Level 15). The statutory maximum for the offense of conviction, a Class A misdemeanor, is 12 months.

An order of restitution is both mandatory and appropriate in this case pursuant to 18 U.S.C. § 3663. The order of restitution should be equivalent to the monetary losses suffered by the victim in this case (the Operating Engineers), or $315,000. The Government understands that Defendant Callahan may have made some payments toward meeting restitution of $315,000 to the Operating Engineers specified in the plea agreement. Any early payment of restitution, however, should not reduce the amount of restitution ordered in sentencing.

Defendant Callahan is also subject to a term of supervised release of not more than one year, an appropriate fine not to exceed the statutory maximum of $10,000, and a $100 special assessment.

In fashioning a sentence, Title 18, section 3553(a)(2) directs the sentencing court to consider additional factors, including the seriousness of the offense, the need to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct.

### IV. <u>Government's Recommendations</u>

Providing adequate deterrence constitutes a significant factor weighing in favor of six months of imprisonment in this case. Defendant Callahan was one of the most powerful union leaders in the country and earned an annual compensation package of more than $500,000 in

salary, benefits, reimbursed benefits, and deferred compensation. And yet, as set out in the Statement of Offense accompanying the plea agreement, from 2015 through 2023, he received from an advertising firm with which he was doing business on the Operating Engineers' behalf free tickets to nearly 100 sporting, concert, and theater events, as well as hospitality packages associated with those events, which had a value of at least $315,000. Those tickets and amenities properly belonged to the Operating Engineers, and yet Defendant Callahan used many of those tickets personally and provided other tickets to members of his family and persons who were not members of the Operating Engineers. Defendant Callahan is now retired to his second home in Florida and carries a net worth of more than $5 million.

      Section 432 of the LMRDA (29 U.S.C. § 432) was enacted to ensure that union officials may not accept money, gifts, and other things of value that would compromise their fidelity to the members they represent. Compromised union officials must calculate each year whether to honor their obligation under Section 432 to declare the money, goods, and services they have received or determine that silence is more profitable in the long run. Defendant Callahan and his family and friends were being entertained by a vendor to whom Defendant Callahan had directed more than $4 million in Operating Engineers funds. Defendant Callahan was well aware of his legal obligation to file accurate LM-30 reports, but determined year after year that his personal interests were better served by keeping the Operating Engineers' Executive Board and membership in the dark. That the Operating Engineers were unknowingly funding Defendant Callahan's spree of pricey entertainments—a lifestyle his substantial salary could easily accommodate—is especially condemning.

To determine an appropriate sentence, the Court should consider the various factors set forth in 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 49-50 (2007). These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to promote respect for the law, just punishment, and adequate deterrence. 18 U.S.C. § 3552(a). In sentencing Defendant Callahan, the Court possesses a rare opportunity to underscore general deterrence as an important factor under section 3553. Thousands of union officers and employees—few as powerful, wealthy, or prominent as Defendant Callahan—decide each year whether to observe their legal requirement to report the complimentary steak dinners, the envelopes at Christmas, the secret discounts on merchandise, etc. When section 439 represents a genuine sanction, those officials will be obligated to report indulgences which create a conflict of interest or hopefully forego them entirely.

It is critical that courts impose meaningful punishment on offenders like Defendant Callahan, to deter such corrupt behavior by union officials. As such, the Government believes that a sentence of imprisonment is appropriate here. Should the Court decide to forego imprisonment, Defendant Callahan will have pilfered more than $315,000 in sports and concert tickets and luxury entertainment belonging to the Operating Engineers over the course of several years, yet would effectively face the sanction of merely paying for the items taken. Punishment for Defendant Callahan that does not contain a term of imprisonment would send the opposite message regarding deterrence: That there exists a percentage for corruptible officials in simply ignoring section 432 obligations when an apology and repayment are the only consequences if, and when, the Government can detect a violation and muster an investigation.

Defendant Callahan may counter that he agreed to step down from the high position as International President and his agreement to do so mitigates against further punishment. Conviction under section 439(b), however, disqualifies the offender from service as a labor official (29 U.S.C. § 504). The operation of section 504, moreover, is a civil disqualification that should not be regarded as criminal punishment. Defendant Callahan's agreement to retire does nothing that section 504 does not accomplish, and his resignation should bear no special or outsized weight in determining an appropriate sentence.

In sum, the Government recommends that Defendant Callahan receive an appropriate term of six months of imprisonment. However, should the Court decide that imprisonment is not indicated here, the Government recommends that the Court impose the greatest permissible fine of $10,000, and also require Defendant Callahan to complete a significant period of community service as part of any sentence.

Respectfully submitted,

DAVID JAFFE, Chief
Organized Crime and Gang Section

/s/Vincent J. Falvo
VINCENT J. FALVO, JR.
Senior Trial Attorney
Department of Justice
1301 New York Avenue, NW
Room 753
Washington, D.C. 20530
(202) 353-9384
vincent.falvo@usdoj.gov

                                                                              EDWARD R. MARTIN, JR.  
                                                                              United States Attorney

                                                                              /s/ Brian P. Kelly  
                                                                              D.C. Bar No. 983689  
                                                                              Assistant United States Attorney  
                                                                              601 D Street NW  
                                                                              Washington, D.C. 20530

Dated May 12, 2025

## **CERTIFICATE OF SERVICE & FILING**

I hereby certify that on May 12, 2025, I electronically filed the foregoing sentencing memorandum with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

David Schertler, Esq.
555 13th Street, N.W.
Suite 500 West
Washington, DC 20004

/s/Vincent J. Falvo
VINCENT J. FALVO, JR.
Trial Attorney
Department of Justice
1301 New York Avenue, NW
Room 753
Washington, D.C. 20530
(202) 353-9384
vincent.falvo@usdoj.gov